**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELIX W. RODRIGUEZ,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-08-1583** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **DONALD T. VAUGHN,** *et al.,* | : | |
| | : | |
| **Respondents** | : | |

*M E M O R A N D U M*

**I.      Introduction**

Petitioner, Felix W. Rodriguez, a state inmate incarcerated at SCI-Graterford

in Graterford, Pennsylvania, has filed a *pro se* petition for habeas corpus pursuant

to 28 U.S.C. § 2254.  Mr. Rodriguez challenges his July 17, 1997, York County

Court of Common Pleas conviction for murder of the third degree, criminal

conspiracy to commit murder, and a related drug conviction.   Rodriguez raises four

ineffective assistance of counsel claims in his habeas petition.  Doc. 1, Pet.

Respondents filed a Response to the Petition on December 24, 2008,

asserting that Mr. Rodriguez failed to meet the one-year statute of limitations for the

2254 petition.  Docs. 19-3 - 19-4, Respts.' Answer and Supp. Brf.  Mr. Rodriguez did

not file a Traverse.  For the reasons that follow, we reject Respondents' argument

that the Petition is untimely and direct that Respondents file a properly supported

supplemental response addressing the merits of the Petition.[1]

---

[1]  A review of Respondents' Answer to the Petition reveals a reference to a series of
Appendices.  These documents, however, were never filed with the Court and thus not
considered when issuing this opinion.

## II.     Background

This case has an extended procedural history which is critical to addressing the timeliness of Mr. Rodriguez's Petition.

On August 29, 1996, Mr. Rodriguez was arrested and charged by the York County Police Department with two drug related offenses. *See Commonwealth v. Rodriguez*, CP-67-CR-0003541-1996 (York Ct. Com. Pl.)(docket sheet).[2]  On October 11, 1996, the same police department arrested him for criminal homicide and other charges. *See Commonwealth v. Rodriguez*, CP-67-CR-0004073-1996 (York Ct. Com. Pl.)(docket sheet).[3]  In January 1997, the cases were consolidated for trial. *Id*.

On July 14, 1997, Mr. Rodriguez, plead guilty to possession with intent to deliver and criminal conspiracy with intent to deliver.  Sentencing was deferred pending the resolution of his homicide trial. *See Commonwealth v. Rodriguez*, CP-67-CR-0003541-1996 (York Ct. Com. Pl.)(docket sheet).  In July 1997, a jury found Mr. Rodriguez guilty of third-degree murder and criminal conspiracy to commit homicide. *See Commonwealth v. Rodriguez*, CP-67-CR-0004073-1996 (York Ct. Com. Pl.)(docket sheet).  He was sentenced to twenty to forty years imprisonment on each count and to be served consecutively.  Mr. Rodriguez is presently serving an aggregate sentence of forty to eighty years. *Id*.

---

[2]  A copy of the docket sheet in this case is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[3]  A copy of the docket sheet in this case is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

Petitioner then filed a direct appeal, which the Superior Court of Pennsylvania rejected on September 2, 1998.  *See Commonwealth v. Rodriguez*, No 870 HBG 1997 (Pa. Super.)(docket sheet).[4]  The Pennsylvania Supreme Court denied Mr. Rodriguez's request for allocatur on February 22, 1999.  *See Commonwealth v. Rodriguez, CP-67-CR-0004073-1996* (York Ct. Com. Pl.)(docket sheet).  Mr. Rodriguez did not petition the United States Supreme Court for certiorari.

On November 29, 1999, Mr. Rodriguez filed a timely *pro se* petition for postconviction relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546.  The trial court denied relief on September 27, 2000.  *See Commonwealth v. Rodriguez, CP-67-CR-0004073-1996* (York Ct. Com. Pl.)(docket sheet).  The Superior Court affirmed the trial court's PCRA decision on May 20, 2002.  *See Commonwealth v. Rodriguez*, 1969 MDA 2000 (Pa. Super. 2000).[5] Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court which was denied on October 16, 2003.  See *Commonwealth v. Rodriguez, 754 MAL 2002* (Pa.)(docket sheet).[6]

As early as November 11, 2003, Mr. Rodriguez filed two § 2254 petitions for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania, Civil Action Numbers: 03-CV-6242 and 03-CV-6315.  On

---

[4]  The Court takes judicial notice of the docket in *Commonwealth v. Rodriguez*, 870 HBG 1997 (Pa. Super.) which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[5]  The Superior Court's docket sheet is viewable via the Pennsylvania's Judiciary Web Portal at http://ujsportal.pacourts.us/.

[6]  The Supreme Court's docket sheet is viewable via the Pennsylvania's Judiciary Web Portal at http://ujsportal.pacourts.us/.

January 5, 2004, the Eastern District consolidated both matters under 03-CV-6242 and granted Petitioner's Motion to Stay his habeas proceedings so he may file a second or subsequent PCRA Petition.  *See* Doc. 3, Consolidation Order.

Petitioner filed a second PCRA petition on January 22, 2004.  The trial court denied the petition on July 20, 2004.  The Pennsylvania Superior Court affirmed the denial of the second PCRA on May 10, 2005.  *See Commonwealth v. Rivera*, 1383 MDA 2004 (Pa. Super)(docket sheet).  The Pennsylvania Superior Court denied Petitioner's Petition for Appeal on December 29, 2005.  *See Commonwealth v. Rivera*, 628 MDA 2005 (Pa.)(docket sheet).[7]

On June 9, 2008, the Eastern District of Pennsylvania reinstated Mr. Rodriguez's habeas petition.  *See* Doc. 4.  On July 17, 2008, Mr. Rodriguez's petition was transferred to this court noting that he is challenging a York County Court of Common Pleas conviction.  Doc. 8.  Mr. Rodriguez's original petition was then transferred from the Eastern District of Pennsylvania to this Court and opened under the present docket number.  A show cause order was issued on November 13, 2008.  On December 24, 2008, the Respondents filed a Response to the Petition alleging it was untimely filed.  *See* Doc. 19, Resp.

---

[7] Both referenced docket sheets are viewable via the Pennsylvania's Judiciary Web Portal at http://ujsportal.pacourts.us/.

## III.   Discussion

Respondents contend that Mr. Rodriguez's habeas petition is untimely.  They base this conclusion on erroneous facts.  Respondents incorrectly note that Petitioner filed his instant petition "[o]n October 8, 2008 ... when the one-year period of limitations outlined in 28 U.S.C. § 2244(d)(1) for filing a habeas petition had already expired."  *See* Doc. 19-3 at p. 4.  Respondents clearly did not consider the impact of the District Court for the Eastern District of Pennsylvania's stay of Mr. Rodriguez's 2003 consolidated habeas petition pending in their statute of limitations calculation.

A petitioner confined under a state-court judgment has one year to file a 2254 petition challenging the judgment.  28 U.S.C. § 2244(d)(1).  The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  This language applies to the right to seek discretionary review in state  appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought.  *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).

The one-year federal limitations period is subject to both statutory and equitable tolling.  First, statutory tolling for a federal habeas claim occurs during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  A properly filed state petition "is one submitted according to the state's

procedural requirements, such as the rules governing the time and place of filing."

*Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998).  Next, the United States

Supreme Court allows for equitable tolling of the limitations period where the

petitioner shows that he "has been pursuing his rights diligently," and yet "some

extraordinary circumstances stood in his way and prevented timely filing." *Holland v.*

*Florida*, ___ U.S. ___, ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *see also*

*Miller v. New Jersey Dep't of Corr.*, 145 F.3d 616, 617-18 (3d Cir. 1998)(same).

Applying these principles here, the Court finds that Mr. Rodriguez's 2254

petition is timely filed.  Mr. Rodriguez's conviction was final on November 24, 1999,

and the federal limitations period expired one year later, or on November 24, 2000,

absent tolling pursuant to 28 U.S.C. § 2244(d)(2).  Thus, the statute of limitations

began to run on that date.  Approximately 189 days of the limitations period ran until

it was tolled on November 29, 1999, when Mr. Rodriguez filed his first PCRA

petition.  The limitations period began to run once again on October 16, 2003, when

the Superior Court of Pennsylvania affirmed the denial of his PCRA petition.  At that

time, Petitioner had approximately 176 days to file a timely habeas corpus petition.

Although filed in the wrong judicial district, Mr. Rodriguez filed two habeas

corpus petitions challenging his conviction, the earliest on being filed in the United

States District Court for the Eastern District of Pennsylvania on November 11, 2003.

*See* Doc. 7.  Both of his habeas cases were consolidated by the Eastern District

under the earlier case number.  The consolidated habeas petition filed in the

Eastern District was timely filed as it was filed approximately one month after the

Superior Court of Pennsylvania affirmed the denial of his PCRA petition.  While it is

true that the pendency of a federal habeas corpus petition does not toll the

applicable one year statute of limitations of section 2244(d)(1), Mr. Rodriguez's

original 2003 petition was never denied or dismissed; it was stayed and held in

abeyance by the Eastern District of Pennsylvania and ultimately transferred to this

Court.  Consequently, any issue of timeliness of his petition was avoided.  *See*

*Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d. 440 (1995)(a district

court has discretion to grant a stay and abeyance in limited circumstances when

presented with a mixed petition allowing the petition to remain pending while

unexhausted claims are exhausted).  In sum, although transferred to this Court in

2008, Mr. Rodriguez's habeas corpus petition was filed in November 2003, and is

timely.  Respondents will be directed to file a response to the merits of the petition.

An appropriate order will issue.


 

**A. RICHARD CAPUTO**
**United States District Judge**

**Date: November ____, 2011**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELIX W. RODRIGUEZ,** | : | |
| | : | |
| **Petitioner** | : | |
| | : | **CIVIL NO. 3:CV-08-1583** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **DONALD T. VAUGHN,** *et al.,* | : | |
| | : | |
| **Respondents** | : | |

## O R D E R

**NOW**, this  21st  day of **NOVEMBER, 2011,** for the reasons set forth in

the accompanying memorandum, it is ordered that:

> 1.  Within twenty-one (21) days of the date of this order,
> the United States Attorney shall answer the petition.
>
> 2.  Petitioner shall have fourteen (14) days thereafter to
> file a reply to the answer.
>
> 3.  The court will decide whether to hold a hearing on the
> petition on the basis of the petition, respondent's answer,
> and, if filed, petitioner's reply.

> /s/ A. Richard Caputo
> **A. RICHARD CAPUTO**
> **United States District Judge**